UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **LAUREN B. PENA,** *Plaintiff* | § § § | |
| **v.** | § § | No.  1:25-CV-01790-ADA |
| **FRANK J. BISIGNANO,** *Defendant* | § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D. ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Lauren Peña's complaint, Dkt. 1, application to proceed *in forma pauperis*, Dkt. 2, and motion to submit additional evidence, Dkt. 3. The District Judge referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules.

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing Peña's application to proceed *in forma pauperis*, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Peña *in forma pauperis* status and **ORDERS** her complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Peña is further advised that although she has been

1

granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). However, service upon Defendant should be withheld pending this Court's review under § 1915(e).

Because Peña has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Peña filed suit against Defendant Social Security Commissioner Frank Bisignano (the "Commissioner") seeking review of an administrative law judge's ("ALJ") determination that she was not entitled to disability benefits under the Social

Security Act, 42 U.S.C. § 405(g). Dkt. 1, at 2. Peña claims that the ALJ ignored substantial medical evidence, failed to properly evaluate Peña's disabilities, and rendered a decision unsupported by substantial evidence. *Id.*

Peña further alleges that the Commissioner denied her "right to a fair and impartial hearing" and violated her due-process rights, but she fails to support these claims with any factual allegations. *See id.* at 2. Finally, Peña states that the ALJ's "denial of benefits reflects arbitrary and capricious administrative conduct" in violation of the Administrative Procedure Act, 5 U.S.C. § 706. Again, she provides no factual allegations in support of this accusation. The undersigned finds that Peña fails to state a claim on which relief can be granted under either the due process clause or the Administrative Procedure Act. *See* 28 U.S.C. § 1915(e)(2). The undersigned will recommend that the District Judge dismiss these claims without prejudice.

As for Peña's social-security claims, the undersigned concludes that they should not be dismissed as frivolous at this time. However, the Court cautions Peña that the Court may make a determination in the future that the action should be dismissed because the allegation of poverty is untrue or the action is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Peña is further advised that, although she has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court against her at the conclusion of this lawsuit, as in other cases. *See Moore*, 30 F.3d at 621.

Finally, Peña moves to submit new evidence in support of her claim but attaches no evidence to the motion. Dkt. 3. Based on a review of the evidence Peña submitted with her complaint—which contains an August 14, 2025, "verification of the need for a reasonable accommodation," and Peña's statement in her motion to submit new evidence that "[t]he August 14, 2025, medical documentation confirms the expected continuation of disability," the undersigned presumes that Peña seeks leave to submit the August 14, 2025, verification. See Dkts. 1-2, at 1-4; 3, at 3. Because the August 14 verification has already been filed and Peña attaches no other proposed evidence to the motion, the undersigned will **DENY** Peña's motion to submit new evidence as **MOOT** without prejudice. However, the undersigned notes Peña's assertion in that motion that the Appeals Council has reviewed her case. *See id.* at 2.

## II. ORDER AND RECOMMENDATION

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Peña's application to proceed *in forma pauperis*, Dkt. 2.

The Court **DENIES** Peña's motion to submit additional evidence, Dkt. 3, as **MOOT** without prejudice to refiling.

The undersigned **RECOMMENDS** that the District Judge dismiss Peña's due-process and Administrative Procedure Act claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

The Court finally **ORDERS** the Clerk of the Court to issue summons and the United States Marshal to commence service of process, including service of Peña's

4

complaint upon the named defendant under Rules 4 and 5 of the Federal Rules of Civil Procedure as to Peña's social-security claims only.

SIGNED November 24, 2025.

                                          DUSTIN M. HOWELL
                                        UNITED STATES MAGISTRATE JUDGE